**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3127-17T1

DETECTIVE SERGEANT FIRST
CLASS ROBERT TOBEY, a
member of the New Jersey State
Police (Badge No. 5224),

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY, DIVISION
OF STATE POLICE OF THE STATE
OF NEW JERSEY, DEPARTMENT OF
LAW AND PUBLIC SAFETY, RAYMOND
GUIDETTI and RONALD HAMPTON,

     Defendants-Respondents.

_____

Argued April 29, 2019 – Decided June 6, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Law
Division, Mercer County, Docket No. L-2720-14.

George T. Daggett argued the cause for appellant.

Michael E. Vomacka, Deputy Attorney General, argued
the cause for respondents (Gurbir S. Grewal, Attorney
General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Michael E. Vomacka, on the brief).

PER CURIAM

Plaintiff Robert Tobey appeals from the February 16, 2018 Law Division order, denying his motion to file and serve a second amended complaint against defendants New Jersey State Police (NJSP) and two superior officers. The proposed amended complaint alleged violations of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. On the same date, the trial court also granted summary judgment to defendants and dismissed plaintiff's complaint alleging violations of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14. However, plaintiff does not challenge this latter order in this appeal.[1]

On appeal, plaintiff raises the following points for our consideration:

> POINT I: ORDER OF THE [TRIAL] COURT . . . DENYING PLAINTIFF THE RIGHT TO FILE AN AMENDED COMPLAINT SHOULD BE REVERSED[.]
>
> POINT II: PLAINTIFF WAS DEPRIVED OF A CEPA ELECTION[.]

---

[1] Although plaintiff's notice of appeal initially listed the order granting defendants summary judgment, in his merits brief, plaintiff expressly waived the issue. Accordingly, plaintiff's appeal of the summary judgment order must be considered abandoned.

A-3127-17T1

Having considered the arguments and applicable law, we affirm.

Plaintiff joined the NJSP in 1994, having graduated in the 114th class and assigned badge number 5224. On November 24, 2014, plaintiff, then a Detective Sergeant First Class, filed a three-count CEPA complaint, alleging that Lieutenant Colonel (LTC) Raymond Guidetti and Captain Ronald Hampton had violated the promotional standards within the NJSP in order to "promote[] personal favorites as opposed to qualified candidates." Plaintiff alleged that "[d]uring the 2014 promotional events," his 2013 performance evaluation was not considered and defendants manipulated the promotional list to "change[] it from an established ranking order to an alphabetical listing." As a result, plaintiff "was lowered [o]n the list" and "[a] number of higher badge numbers were promoted" over plaintiff. By leave granted, on April 15, 2016, plaintiff filed an amended complaint containing the same three counts. The amended complaint added an allegation that Guidetti and Hampton violated NJSP's standard operating procedure by transferring plaintiff to different units "to avoid promoting [him]."

On December 22, 2017, defendants moved for summary judgment. On January 5, 2018, approximately one month before the February 19, 2018 trial date, plaintiff filed an emergent application to adjourn the summary judgment

motion and trial, file a second amended complaint to include allegations of age discrimination, reopen discovery, and sanction the Attorney General's Office. In support, plaintiff's attorney certified that during the pendency of the case, he had relied upon a September 16, 2015 letter from an Executive Assistant Attorney General (EAAG) "in connection with an age discrimination complaint" plaintiff had filed against NJSP with the Equal Employment Opportunity Office (EEO). The letter stated that "[n]o witness corroborated [plaintiff's] allegations [of age discrimination] against LTC Guidetti and Captain Hampton."

However, according to plaintiff's attorney, among the statements supplied by defendants in support of their summary judgment motion was an April 23, 2015 statement by retired Captain Robert Gaugler made during the EEO investigation,[2] which showed that the EAAG's "statement [was] false." Plaintiff's attorney averred that, in fact, Gaugler's statement corroborated plaintiff's complaint of age discrimination because Gaugler expressed his belief that Guidetti and Hampton considered age when making promotion decisions. Specifically, Gaugler stated Guidetti was "a younger commander and want[ed] to surround himself with friends or younger people that he [could] control[,]"

---

[2] Plaintiff's counsel did not indicate that the statement was not previously provided to him in discovery.

and "Hampton made recommendations for promotion based on them being junior to him."

The court granted plaintiff's request to adjourn the summary judgment motion, but denied all other requests. On January 26, 2018, for the same reasons previously articulated, plaintiff again moved to file a second amended complaint to include two counts of age discrimination under the LAD, N.J.S.A. 10:5-12, alleging that by promoting junior members, defendants "discriminated against . . . [p]laintiff based upon age" and "[t]he false letter submitted to . . . [p]laintiff by [the EAAG]" was "to cover up" and "further[]" the "discrimination against . . . [p]laintiff."

On February 16, 2018, the court conducted oral argument on defendants' summary judgment motion and plaintiff's motion to file a second amended complaint. In an oral decision, the court granted defendants summary judgment and denied plaintiff's motion to amend the complaint. Acknowledging that Rule 4:9-1 affords courts "liberal discretion" in evaluating such applications, the court noted that "there is a point [at] which . . . prejudic[e] to the opposing party" and the futility of the amendment militate against granting such an application. The court explained that while plaintiff placed "great significance on the fact that the communication signed by [the EAAG] somehow led [him] down the

wrong path," "the fact is that [plaintiff] certainly was aware of the investigation, he certainly could have decided which claim to pursue[,] and he chose to pursue the CEPA violation until about several weeks before trial." Further, according to the court, "at th[at] juncture," a LAD claim "would [not] be successful." The court entered a memorializing order and this appeal followed.

"Our review here is limited." Franklin Med. Assocs. v. Newark Pub. Schs., 362 N.J. Super. 494, 506 (App. Div. 2003). "The determination of a motion to amend a pleading is generally left to the sound discretion of the trial court, and its exercise of discretion will not be disturbed on appeal, unless it constitutes a 'clear abuse of discretion.'" Ibid. (first citing Balthazar v. Atl. City Med. Ctr., 358 N.J. Super. 13, 27 (App. Div. 2003), then quoting Salitan v. Magnus, 28 N.J. 20, 26 (1958)). "[A]buse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005). "[I]t arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting

Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

After an answer has been filed, "a party may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice." R. 4:9-1. "While motions for leave to amend pleadings are to be liberally granted, they nonetheless are best left to the sound discretion of the trial court in light of the factual situation existing at the time each motion is made." Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 457 (1998) (quoting Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994)). In exercising its discretion, trial courts should consider two factors: (1) "whether the non-moving party will be prejudiced," and (2) "whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).

Because "the factual situation in each case must guide the court's discretion[,]" Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 484 (App. Div. 2012), "[o]ne circumstance to consider is the reason for the late filing." Id. at 484-85. "Other considerations include whether the newly-asserted claim would unduly prejudice the opposing party, survive a motion to

dismiss on the merits, cause undue delay of the trial, or constitute an effort to avoid another applicable rule of law." Id. at 485.

"Thus, while motions for leave to amend are to be determined 'without consideration of the ultimate merits of the amendment,'" Notte, 185 N.J. at 501 (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256 (App. Div. 1997)), "courts are free to refuse leave to amend when the newly[-]asserted claim is not sustainable as a matter of law. In other words, there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." Ibid. (quoting Interchange State Bank, 303 N.J. Super. at 256-57). Additionally, "an exercise of . . . discretion will be sustained where the trial court refuses to permit new claims . . . to be added late in the litigation and at a point at which the rights of other parties to a modicum of expedition will be prejudicially affected." Du-Wel Prods., Inc. v. U.S. Fire Ins. Co., 236 N.J. Super. 349, 364 (App. Div. 1989).

We are satisfied that there was no abuse of discretion here. The court determined that permitting the amendment would prejudice defendants and was futile. According to the court, plaintiff was aware of the contents of the EEO investigation long before moving to amend his complaint, yet waited until after

discovery had ended, defendants moved for summary judgment, and the scheduled trial date was mere weeks away.

Further, as plaintiff did not move to file his amended complaint for alleged age discrimination accruing in 2014 until 2018, his proposed LAD claim was past the expiration of the two-year statute of limitations. See Montells v. Haynes, 133 N.J. 282, 293 (1993) ("Fairness to the accuser, the accused, and to the judicial system require a timely adjudication of discrimination claims. Thus, both fairness and efficiency support a two-year statute of limitations.").

Relying on Rule 4:9-3 and Viviano v. CBS, Inc., 101 N.J. 538 (1986), plaintiff contends that his LAD claim should relate back to the allegations raised in his initial pleadings because "[t]here was sufficient information in the original [c]omplaint from which could be drawn an allegation of age discrimination." We disagree.

Rule 4:9-3 governs when amendments relate back and states,

> [w]henever the claim . . . asserted in the amended pleading arose out of the conduct, transaction[,] or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim . . . in the pleading.

In Viviano, the plaintiff was injured operating a malfunctioning record album press at the CBS plant where she worked. 101 N.J. at 542. The press had been assembled from components provided by various suppliers. Ibid. By the time the plaintiff discovered that Sybron's predecessor had manufactured the defective component, the two-year period of limitations for personal injury actions had expired. Id. at 543-45. However, because the plaintiff could not timely identify Sybron due to "the frustration of discovery" by CBS, our Supreme Court permitted the plaintiff to preserve her claim against Sybron by allowing her sixth amended complaint, asserting a cause of action against Sybron, to relate back to the original complaint. Id. at 556.

The Court concluded

> that plaintiff should not be deprived of her day in court because an adverse party failed to comply with the rules for discovery. Under the singular circumstances of this case, which include Sybron's acknowledgment that it has not been prejudiced, justice requires that we invoke [Rule] 1:1-2 and relax [the fictitious-party practice under] [Rule] 4:26-4 so that the sixth amended complaint relates back to the original complaint. To do otherwise would permit concealment and technicality to triumph over the interests of justice.

> [Ibid. (citation omitted).]

Here, plaintiff misguidedly draws a parallel between the circumstances in this case and in Viviano, and claims that he is entitled to the benefit of the

10

discovery rule as he was misled by the EAAG's letter. He posits that otherwise, he would have included a cause of action for age discrimination in his original complaint. However, plaintiff's proposed amended complaint pleads entirely new facts, new theories, and a different cause of action from those pled in the original complaint.

Specifically, plaintiff's first amended complaint alleged a CEPA violation based on his objection to defendants manipulating the promotional system within the NJSP in order to promote personal favorites with fewer qualifications, over more qualified candidates, like plaintiff. Plaintiff's proposed amended complaint alleged a LAD claim based on defendants discriminating against him because of his age by promoting younger members over him. Because plaintiff's proposed amended complaint does not arise out of the "conduct, transaction[,] or occurrence set forth or attempted to be set forth in the original pleading" as required by Rule 4:9-3, the relation-back doctrine is inapplicable.

"[A]n entirely new and distinctly different cause of action cannot by means of an amendment of the pleadings be introduced after the statute has tolled the action[,]" Young v. Schering Corp., 275 N.J. Super. 221, 230 (App. Div. 1994) (quoting Welsh v. Bd. of Ed. of Tewksbury Twp., 7 N.J. Super. 141, 145 (App. Div. 1950)), aff'd on other grounds, 141 N.J. 16 (1995), and "the

notion of liberality in permitting amendments is not 'intended to afford a refuge to languid and dilatory litigants.'" Id. at 231 (quoting Welsh, 7 N.J. Super. at 146). "It would be supremely impracticable, if not pernicious, to condone a practice which would permit adventurous litigants by means of successive amendments to the pleadings in the original action to prosecute, seriatim, a procession of distinctly disparate causes of action and thus elude the statutory limitations of time." Id. at 232 (quoting Welsh, 7 N.J. Super. at 146).

Plaintiff also argues that he "could not have made a CEPA election because he did[] [not] know that there were alternatives to CEPA." He states that "[w]hat the [NJSP] is saying in this case is, we deprived you of a cause of action by deception and now, you should continue to be deprived of a cause of action even though we tricked you." In that regard, plaintiff essentially claims the EAAG's alleged false statement prevented him from electing to file a timely LAD claim, rather than a CEPA violation. However, while plaintiff's original complaint was filed on November 24, 2014, the EAAG's letter was dated September 16, 2015. Therefore, the EAAG's letter could not have impacted his decision to make a CEPA election because the letter was not sent until after his complaint was filed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3127-17T1